**James G. NASH, Appellant,**

v.

**Margaret B. NASH, Appellee.**

**No. 16036.**

United States Court of Appeals Fifth Circuit.

June 27, 1956.

Rehearing Denied Aug. 7, 1956.

Morris K. Sirote, Birmingham, Ala., Sirote, Permutt, Friend & Friedman, Birmingham, Ala., for appellant.

William S. Pritchard, Jr., William S. Pritchard, Winston B. McCall, Birmingham, Ala., Pritchard, McCall & Jones, Birmingham, Ala., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is from a summary judgment entered in favor of appellee for past due alimony in the amount of $3,201.19, and costs, on a complaint in two counts. Count One was based on two supplementary judgments of the Florida Court, directing payment of past due installments. Count Two was a common count for money owing under the original decree of divorce and for alimony of the Florida court.

The judgment was entered after a hearing and upon the finding, "that there is no genuine issue as to any material

2. Cf. Gus W. Lang v. Patent Tile Co., 5 Cir., 216 F.2d 254.

fact, and that the plaintiff is entitled to a judgment as matter of law".[1]

At the hearing on plaintiff's motion for summary judgment below, the defendant offered no counter affidavits, and no evidence of any nature in attack upon, opposition to, or denial of, the Florida judgments or the recitals therein contained, or the facts stated in plaintiff's affidavits and exhibits; nor did he make any proffer showing or tending to show that there was a genuine issue of fact to be tried.

Here, as was the case below, defendant neither denies the material facts on which the judgment appealed from was based, nor presents any excuse for his continuing default. Indeed, he admits the existence of his obligation to pay the plaintiff alimony, his continuing default in respect thereto, and his wilful persistence therein.

Relying entirely on hypertechnical objections, going not to the substance of his obligation to pay alimony, but to the form and manner of notice to him of the supplementary proceedings for judgment, and to the certification of the Florida judgments, an objection not made below, he urges upon us that the judgment was improperly entered and should be reversed.

Pointing out that the record is wholly devoid of any claim by the defendant that he had or has any defense to the obligation contractually assumed by him in a property settlement with his wife, to which was added the sanction of a judicial decree, and that enforcement of this has been delayed by a supersedeas, appellee insists that the appeal was sued out merely for delay, and that the judgment should be affirmed with damages under Rule 30.

We agree. The judgment is accordingly affirmed with damages.

1. The trial court had before it as the basis for the judgment the following admissions in defendant's answer:

Defendant is a citizen and resident of Jefferson County, Alabama, and conducts a loan business in Birmingham, Ala.

On May 24, 1954, a final decree was entered in the Circuit Court of the Twelfth Judicial Circuit of Florida in and for Sarasota County, Florida, in Chancery, case No. 9750, which decree ordered, among other things, that the defendant pay unto plaintiff the sum of $350.00 per month as permanent alimony to be paid to her by said defendant on the 25th day of June, 1954, and each and every month thereafter during her natural life or until her remarriage. This was in accordance with a property settlement agreement entered into between the parties, signed by appellant, and made part of said final decree.

Defendant failed to make the monthly payments of $350.00 to the plaintiff for the nine months beginning January, 1955, and ending September, 1955, totalling $3,150.00.

In addition, the court had before it the following affidavits and exhibits:

The affidavit of plaintiff dated Jan. 27, 1956, that she is in natural life and for more than one year past was a resident of Sarasota County, Florida and had not remarried since the divorce from defendant on May 25, 1954. That she had received no payment under said divorce decree since Aug. 25, 1954, and that the total amount due and owing her under said decree for the months of January through Sept., 1955, inclusive, was $3,150.00 plus interest.

Duly certified copies of two supplementary judgments of the Circuit Court of the Twelfth Judicial Circuit of Florida in and for Sarasota County, in chancery, one for $1400.00 for arrears of the payments ordered by the court to be paid to the plaintiff for payments accruing under the original judgment on Jan. 25, Feb. 25, March 25, and April 25, 1955, aggregating $1400.00; the other for $1750.00 for similar arrears in alimony payments for May through Sept., 1955. Each of these judgments was entered upon a hearing after a rule to show cause had been issued requiring "the defendant, James G. Nash, to show cause, if any he has, why the permanent alimony alleged to be in arrears under the Final Decree of Divorce entered in this cause should not be adjudicated"; and upon evidence and findings that he had received notice of the hearing.